IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DANIEL ELIJAHKANE ARKINSON,<br>JAMIE NICOLE MILSTEN, and<br>MELISSA DAWN SHURTLIFF,<br><br>Defendants. | CR 18–10–H–CCL<br><br><br>ORDER |

Before the Court is Defendant Daniel Arkinson's Motion to Dismiss Count III of the Indictment. (ECF No. 22.) The government opposes the motion to dismiss but agrees that Defendant is entitled to some relief in the form of striking a phrase in Count III. The government will then seek a jury verdict on the remainder of the allegations charged in Count III.

Defendant Arkinson and two co-defendants are each charged with three

crimes. Count I charges a "Conspiracy to Commit Robbery Affecting Commerce," in violation of 18 U.S.C. § 1951(a). Count II charges "Robbery Affecting Commerce," in violation of 18 U.S.C. § 1951(a) and 18 U.S.C. § 2 (Aiding and Abetting). Count III charges "Possession of a Firearm in Furtherance of a Crime of Violence," in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (ii), and 18 U.S.C. § 2 (Aiding and Abetting).

Defendant Arkinson seeks to dismiss the firearm count (Count III) because he claims that it relies upon Count I (Conspiracy) and Conspiracy to commit a Hobbs Act robbery is not a crime of violence under the force clause of 18 U.S.C. § 924(c)(3)(A). Arkinson cites *Johnson*[1] and *Dimaya*[2] to argue that the residual clause of section 924(c)(3)(B) is unconstitutional.

---

[1] *Johnson v. United States*, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) (finding unconstitutional the residual definition of "violent felony" in the Armed Career Criminal Act (ACCA)).

[2] *Sessions v. Dimaya*, 138 S.Ct. 1204 (April 17, 2018), relying on *Johnson*, holds that a similar residual definition of "crime of violence" in 18 U.S.C. 16(b) is also unconstitutionally vague.

Count III provides as follows:

> That between on or about April 1, 2017, and on or about May 31, 2017, at Helena and within Lewis and Clark County, in the State and District of Montana, the defendants, DANIEL ELIJAHKANE ARKINSON, JAMIE NICOLE MILSTEN, and MELISSA DAWN SHURTLIFF, knowingly possessed a firearm in furtherance of a crime of violence that may be prosecuted in a court of the United States, namely, the crimes alleged in Counts I and II, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (ii), and 2.
> The Grand Jury finds the firearm was brandished.

(ECF No. 1.)

In response to the motion to dismiss, the government elects to proceed with its proof of Count III by proving that the predicate crime of violence that was committed was that alleged in Count II (the Hobbs Act robbery). Undisputedly, a Hobbs Act robbery is a crime of violence for the purposes of a section 924(c)(1) gun offense. *See United States v. Howard*, 650 Fed. Appx. 466, 468 (9th Cir. 2016), amended Jun. 24, 2016 (unpublished) (holding Hobbs Act robbery is a crime of violence under the constitutional elements/force clause of 924(c)(3)(A)). The government does not object to striking the phrase "namely, the crimes alleged

3

in Counts I and II," and substituting the phrase "namely, the crime alleged in Count II," to remove the conspiracy predicate from Count III. The government points out that its allegation in Count III that the three co-defendants knowingly possessed the firearm in furtherance of a Hobbs Act robbery (Count II) is a sufficient allegation by itself to support a jury finding as to Count III.

Arkinson is not satisfied with striking the Count I language from Count III. Instead, Arkinson seeks complete dismissal of Count III on the theory that dismissing one of two predicate crimes would be a substantive alteration of the Indictment. However, the government never needed two predicate crimes of violence because the statutory offense only requires that one predicate crime of violence be committed. 18 U.S.C. § 924(c)(1)(A). The fact that the Grand Jury found that Count III could be proved in two different ways does not negate the fact that one means of proof remains. This is not a fatal variance. *See United States v. Miller*, 471 U.S. 130, 145 (1985) (holding that removal of one of two means of committing a criminal offense from consideration by the trial jury did not create a fatal variance violating the defendant's right to be tried only on offenses for which

4

a grand jury has returned an indictment).

Arkinson's other argument in favor of complete dismissal of Count III is that the elements/force definition of crime of violence in section 924(c)(3)(A) cannot be satisfied by using aiding and abetting or *Pinkerton*[3] theories of liability. This argument is not persuasive. It is settled in this circuit that the underlying crime (Hobbs Act robbery) must have occurred and the elements of that offense are incorporated into the elements of the aiding and abetting offense and the *Pinkerton* liability offense. *See United States v. Tubbs*, 2017 WL 43158733 (E.D. Cal. 2017) ("Regardless of whether movant was a principal or an aider and abettor of the armed bank robbery charged, movant has failed to show here that armed bank robbery is not a 'crime of violence' for purposes of [the elements/force clause of] 924(c)(1)(A)."). *See also United States v. Fonseca-Caro*, 114 F.3d 906,

---

[3] "Under *Pinkerton v. United States*, 328 U.S. 640, 647-48, 66 S.Ct. 1180, 1184, 90 L.Ed. 1489 (1946), a co-conspirator is vicariously liable for reasonably foreseeable substantive crimes committed by a co-conspirator in furtherance of the conspiracy." *United States v. Fonseca-Caro*, 114 F.3d 906, 907 (9th Cir. 1997) (applying *Pinkerton* liability to section 924(c)(1) use and carry gun crime).

907 (9th Cir. 1997) (*Pinkerton* theory of liability).

Accordingly,

IT IS HEREBY ORDERED that Defendant Arkinson's Motion to Dismiss Count III (ECF No. 22) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall strike the above-described language relating to Count I from Count III of the Indictment.

Dated this 30th day of May, 2018.

                                          CHARLES C. LOVELL
                            SENIOR UNITED STATES DISTRICT JUDGE