IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GABRIEL ELIJAH KANE ARKINSON, a/k/a Daniel Elijahkane Arkinson, JAMIE NICOLE MILSTEN, and MELISSA DAWN SHURTLIFF<br><br>Defendants. | CR-18-10-H-CCL<br><br><br><br>ORDER |

Before the Court is "Defendant Arkinson's Post-Trial Motion for Acquittal Under Rule 29(c)." (Doc. 148). The United States opposes the motion. The Court has reviewed the record and is prepared to rule.

**PROCEDURAL HISTORY**

The Grand Jury charged Defendant Arkinson with conspiracy to commit robbery affecting commerce, in violation of 18 U.S.C. § 1951(a) (Count I), with robbery affecting commerce in violation of 18 U.S.C. § 1951(a) (Count II) and with possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(2) (Count III).

On October 3, 2018, at the close of the government's evidence, Defendant Arkinson made a Rule 29 Motion for Judgment of Acquittal, which was denied. Defendant Arkinson renewed his motion after all the parties had rested, later that day, and the Court denied the renewed motion. On October 4, 2018, a unanimous jury found Defendant Arkinson guilty of all three counts charged in the Indictment. Now before the Court is Defendant's timely-filed renewed Motion for Judgment of Acquittal, which is again opposed by the government.

**LEGAL STANDARD**

The familiar standard for deciding a motion for acquittal, as articulated in *Jackson v. Virginia*, requires this Court to determine whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. 307, 319 (1979)(emphasis in original). In making this determination, this Court neither resolves credibility issues nor weighs the evidence, as those are questions for the jury. *United States v. Burns*, 701 F.2d 840, 842 (9th Cir. 1983).

**ARGUMENTS**

Defendant Arkinson's theory at trial was that he did not rob the victim at gunpoint because it was the government's key witness, Curtis Alexander, who entered the home of the victim armed with a weapon.

Defendant Arkinson now argues that the Court should grant his renewed motion for acquittal because the victims of the robbery (Patrick Lovett and Vickie Anderson) were unable to consistently identify him as the male robber and actually identified Mr. Alexander as the male robber. (Doc. 149 at 2). Defendant Arkinson also argues that the jury should have discounted Mr. Alexander's testimony because it was contradicted by the testimony of another government witness, Annie Banks. (Doc. 149 at 3). Defendant Arkinson argues that the jury's verdict should be set aside because the jurors relied on narratives that impeached one another, citing *United States v. Whitson*, 587 F.2d 948, 953 (9th Cir. 1978).

Although the United States admits that Mr. Lovett's identification of Defendant Arkinson at trial was equivocal, (Doc. 154 at 4), it disputes Defendant Arkinson's claim that Mr. Alexander was identified as the male robber at trial.

The United States also argues that Defendant Arkinson's reliance on *Whitson* to support his argument that the jury cannot use narratives that impeach one another in deciding a defendant's guilt or innocence because this case is distinguishable from *Whitson*.

## DISCUSSION

Defendant Arkinson's reliance on *Whitson* is misplaced. The United States Court of Appeals for the Ninth Circuit reversed the judgment in *Whitson* because

the trial court erred by allowing "the prosecution to use illegally obtained evidence for impeachment on a matter not opened by the defendant." 587 F.2d at 952. Defendant Arkinson has not demonstrated that the government used illegally obtained evidence for any purpose in this case, and *Whitson* does not apply.

Defendant Arkinson had the opportunity at trial to cast doubt on his identification as the robber by the two robbery victims – Vickie Anderson and Parick Lovett. The government's characterization of Mr. Lovett's identification of Defendant Arkinson as "equivocal" overstates the actual testimony. When asked to identify the "Native male who came in after Vickie" on the morning of the robbery, Mr. Lovett stated: "I see a Native male." (Doc. 146 at 15). Mr. Lovett was not positive that the Native male in the court-room was the male robber. *Id.*

During trial, Vickie Anderson identified Defendant Arkinson as the man who came into Patrick Lovett's trailer with Defendant Milsten early on the morning of the robbery during trial. (Doc. 147 at 16 - 18). She described him as "a guy I don't know. He was – I guess his name was Daniel. They told me his name was G." (Doc. 147 at 17). She also testified that the man she identified as Defendant Arkinson pulled out a gun before entering the trailer, (Doc. 147 at 19), and that once in the trailer, he stood in front of her and Patrick Lovett and pointed a gun at them. (Doc. 147 at 20). Ms. Anderson also identified a photograph of

Curtis Alexander as "Daniel" and as the man who held the shotgun during the robbery. (Doc. 147 at 26).

Had Ms. Anderson and Mr. Lovett been the government's only witnesses, the jury may well have acquitted Defendant Arkinson, given their failure to consistently identify him as the male robber. However, the government's key witness, Curtis Alexander, identified Defendant Arkinson as the person who agreed with Defendants Milsten and Shurtliff to rob the victim. (Doc. 145 at 28 - 32). Mr. Alexander also identified Mr. Arkinson as having a loaded sawed- off shotgun on the day of the robbery (Doc. 145 at 38) and as having entered the victim's trailer with Defendant Milsten and a woman identified as "Vickie." (Doc. 145 at 42).

In essence, Defendant Arkinson argues that the jury should have rejected Mr. Alexander's testimony because it was not corroborated by other admissible evidence. Mr. Alexander's testimony alone is sufficient to support the jury's guilty verdict as to Defendant Arkinson. "The uncorroborated testimony of an accomplice is enough to sustain a conviction unless the testimony is incredible or insubstantial on its face." *United States v. Lopez*, 803 F.2d 969, 973 (9th Cir. 1983). The Court applies this standard in considering Mr. Alexander's

testimony, even though he denied being an accomplice to the robbery[1] and was not charged with the crime. Mr. Alexander was subjected to rigorous cross-examination by able and experienced defense counsel. The Court has reviewed his testimony and finds that it was neither incredible nor insubstantial on its face.

Mr. Alexander's testimony was also supported by other evidence submitted at trial. While there were inconsistencies in the testimony of various witnesses, "questions of witness credibility fall squarely and exclusively within the jury's purview." *United States v. Delgado*, 357 F.3d 1061, 1069 (9th Cir. 2004). It is for the jury to determine which witnesses to believe, and the Court will not substitute its judgment for that of the jurors. Accordingly,

IT IS HEREBY ORDERED that "Defendant Arkinson's Post-Trial Motion for Acquittal Under Rule 29(c)" (Doc. 148) is DENIED.

Dated this 22nd day of January, 2019.

CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Mr. Alexander denied having agreed to participate in the robbery, (Doc. 145 at 32) and testified that he attempted to dissuade the others from going forward with their plan. (Doc. 145 at 39).