IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

FILED
1/9/2019
Clerk, U.S. District Court
District of Montana
Helena Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GABRIEL ELIJAH KANE ARKINSON, a/k/a Daniel Elijahkane Arkinson, JAMIE NICOLE MILSTEN, and MELISSA DAWN SHURTLIFF<br><br>Defendants. | CR-18-10-H-CCL<br><br><br>ORDER |

Before the Court is Defendant Arkinson's "Unopposed Motion to Correct the Trial Record." (Doc. 197). Although counsel for Defendant Arkinson contacted counsel for the United States, who does not oppose the motion, counsel for Defendant Arkinson failed to contact counsel for his co-defendant, Jamie Nicole Milsten, who was tried with Defendant Arkinson and has also filed an appeal in this case. The Court has examined the portion of the record that Defendant Arkinson seeks to have corrected and has determined that the requested correction will not impact Defendant Milsten's appeal and is therefore prepared to rule.

## LEGAL STANDARD

Federal Rule of Appellate Procedure 10(e)(1) provides: "If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly."

## BACKGROUND

The Grand Jury charged Defendant Arkinson with conspiracy to commit robbery affecting commerce, in violation of 18 U.S.C. § 1951(a) (Count I), with robbery affecting commerce in violation of 18 U.S.C. § 1951(a) (Count II), and with possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(2) (Count III). (Doc. 2). On Friday, October 4, 2018, a unanimous jury found Defendant Arkinson guilty of all three counts charged in the Indictment. (Doc. 138). On Wednesday, October 9, 2018, counsel for Defendant Arkinson ordered the preparation of a trial transcript, requesting that it be completed within seven days. (Doc. 143). The transcript was filed on October 15, 2018.

On October 18, 2018, Defendant Arkinson timely moved for a judgment of acquittal under Fed. R. Crim. P. 29(c). (Doc. 148). Apparently relying on his memory of events rather than the trial transcript, counsel for Defendant Arkinson

argued that *"during her trial testimony,* Vicki Anderson identified a photo of Curtis Alexander as the robber." (Doc. 149 at 3, emphasis in original). Counsel for the United States conceded in his response to the motion that "Anderson misidentified a photo lineup of Alexander as Daniel" when she testified at trial, citing to the trial transcript at page 334. (Doc. 154 at 6). Although counsel for Defendant Arkinson cited the trial transcript at pages 325, 327, and 334 in his reply brief to support his argument that Anderson identified government witness Curtis Alexander as the robber during her trial testimony (Doc. 158 at 5 - 6), he apparently failed to notice until recently that the exhibit referenced by Anderson in her trial testimony was Exhibit 16, page 9, as opposed to "photograph of Exhibit 9." (Doc. 197 at 2).

In deciding the motion for judgment of acquittal, the Court consulted with his long-time courtroom deputy and was therefore aware that she had shown page 9 of Exhibit 16, as opposed to a photograph of Exhibit 9 to Anderson during trial.[1] In its order denying the post-trial motion for acquittal, the undersigned noted that during her trial testimony, Anderson "identified a photograph of Curtis Alexander as 'Daniel' and as the man who held the shotgun during the robbery." (Doc. 161

---

[1] Given my high regard and long experience with Court Reporter Julie Martin-Lake, I attributed the misidentification of the exhibit to the attorneys, rather than to Ms. Martin-Lake.

at 5). As a general rule, the Court cites to the page number inserted by the CM/ECF system, rather than the page number assigned by the party producing the cited document, which is why the Court's order denying Defendant's Arkinson's post-trial motion for acquittal cites to page 26 of Doc. 47, rather than page 334 of Volume III of the trial transcript.

## DISCUSSION & ORDER

Once counsel for Defendant Arkinson noticed that the exhibit referenced on page 334 of the transcript had been wrongly identified on page 333 of the transcript, he contacted Court Reporter Julie Martin-Lake, who graciously reviewed her notes and audio recording and acknowledges that Volume III, page 333, line 23 of the trial transcript should read "Exhibit 16, page 9," rather than "photograph of Exhibit 9." Counsel for the United States, the court room deputy and the undersigned all agree that the exhibit referenced by the witness at page 334 of the transcript was Exhibit 16, page 9 and not a photograph of Exhibit 9. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Arkinson's "Unopposed Motion to Correct the Trial Record" (Doc. 197) is **GRANTED**.

**IT IS FURTHER ORDERED** that Court reporter Julie Martin-Lake shall make the necessary correction and file a supplemental record for certification

reflecting that Volume III, page 333, line 23 has been changed to read "Exhibit 16, page 9," rather than "photograph of Exhibit 9."

Dated this 9th day of January, 2020.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE